IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BERNARDA ANDERSON, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, <br>     Plaintiffs, <br><br> v. <br><br> CILANTRO'S GRILL & CANTINA, INC., ABSOLOM GOMEZ, ENRIQUE SOTELO, FELIPE SALAZAR, owners and operators of CILANTROS GRILL & CANTINA, INC. <br><br>     Defendants. | CIVIL ACTION NO. 2:14-CV- <br><br> JURY DEMAND |

## COMPLAINT

COMES NOW, BERNARDA ANDERSON, hereinafter referred to as "Plaintiff," and files her Complaint against CILANTRO'S GRILL & CANTINA, INC., ABSOLOM GOMEZ, ENRIQUE SOTELO, and FELIPE SALAZA, owners and operators of CILANTROS GRILL & CANTINA, INC., hereinafter referred to as "Defendants." Plaintiff files this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. and § 216(b) as follows:

### INTRODUCTION

This is an action for the recovery of unpaid minimum wage, unpaid overtime and liquidated damages due to Plaintiff for hours she worked for Defendants, and for hours worked in excess of forty (40) hours per week for the last three (3) years that she was employed by Defendant.

### PARTIES

1.

Plaintiff was a server employed by Defendant from April 5, 2011 until January 8, 2013.

1

2.

Defendant Cilantro's Grill & Cantina, Inc. is a Georgia Corporation operating a restaurant by the name of "Cilantros Grill and Cantina" in Brunswick, Glynn County, Georgia.

3.

Defendants Absolom Gomez, Enrique Sotelo and Felipe Salazar are the owners of Cilantro's Grill & Cantina.

4.

Defendant corporation's registered agent for service of process is Hugo Neri Alfaro at 202 Harrison Lane, Brunswick, Georgia, 31520.

5.

Defendants are engaged in interstate commerce.

## JURISDICTION

6.

This Court has jurisdiction over this action in that it involves a question of federal law; the Fair Labor Standards Act, 29 U.S.C. Section 201 et. seq., as amended, hereinafter referred to as the FLSA. This Court has jurisdiction over this action under Section 216(b) of the FLSA and 28 U.S.C. Section 1331.

## VENUE

7.

All of the relevant acts and events took place within this judicial district and division. Venue is therefore proper in this United States District Court pursuant to 28 U.S.C. Section 1391 (b).

## PARTIES

8.

At all times relevant hereto, Plaintiff was a resident of this judicial district and division.

9.

At all times relevant hereto, Defendants were conducting business within this judicial district and division, and were employers as defined by the Fair Labor Standards Act.

10.

At all times relevant hereto, Defendant was Plaintiff's employer within the meaning of The FLSA.

## COUNT ONE:  VIOLATION OF THE FAIR LABOR STANDARDS ACT

11.

At all times material to this action, Defendant corporation was an enterprise within the meaning of the FLSA.  Its officers and employees were engaged in and are currently engaged in the business of operating a restaurant, namely "Cilantro's Grill and Cantina" located at 202 Harrison Lane in Brunswick, Glynn County, Georgia.

12.

At all times relevant to this action, Defendant had control over Plaintiff's work and hours of work.

13.

At all times relevant to this action, Defendant was an employer within the meaning of the FLSA, and thereby had the responsibility to keep an accurate record of the working hours of Plaintiff and its other employees.

14.

At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of the FLSA.

15.

Plaintiff began working for Defendant on April 5, 2011, and continued working for Defendant corporation until January 8, 2013.

16.

Plaintiff began working for Defendants as a server at a pay rate of $2.13 per hour.

17.

Plaintiff was not paid minimum wage for all of the hours that she worked for Defendant.

18.

Defendant falsified Plaintiff's time records to create the appearance that they had paid minimum wage to Plaintiff for all of the hours that she worked for defendants

19.

Defendant maintained a time clock on each of the four (4) computers located in each of the four corners of the restaurant throughout the time period during which Plaintiff was employed by Defendant.

20.

Employees were required to clock in on one of the four computers when they began their hours of work.

21.

Defendant required its employees to clock out on one of the four computers when they completed their hours of work.

22.

Plaintiff's proper pay rate was $ 2.13 per hour, plus tips.

23.

Defendants required employees to pay for customers' food out of their wages if the customer complained about the food.

24.

Defendants required employees to pay for customers' drinks out of their wages if the customer did not like the drinks.

25.

Defendants required employees to pay for customers' tabs if customers left the restaurant without paying.

26.

Defendants required Plaintiff to share her tips with the bartender, foodrunners and busboys.

27.

Defendants took a portion of Plaintiff's tips, purportedly to share them with the bartender, foodrunners and busboys, however, on many occasions, that portion of Plaintiff's tips was not actually paid to the bartender, foodrunners or busboys.

28.

Defendants falsified tax forms to give the appearance that they were complying with the Fair Labor Standards Act.

29.

The policies and practices set forth in paragraphs 23-28 resulted in Defendants' employees frequently being paid less than minimum wage for the hours that they worked.

## COUNT TWO:  ALLEGATIONS PERTAINING TO DEFENDANT'S FORMER AND CURRENT EMPLOYEES WHO ARE SIMILARLY SITUATED TO PLAINTIFF

30.

The minimum wage rate for the time period during which Plaintiff was employed by Defendants was $7.25 per hour.

31.

At all times relevant to this action, Defendant had a policy and practice of refusing to pay its employees minimum wage for all of the hours they actually worked.

32.

At all times relevant to this action, Defendant paid its servers $2.13 per hour.

33.

At all times relevant to this action, Defendants falsified their records to create the appearance that they had paid their servers as required by law, and that their servers had earned $7.25 per hour in wages and in tips, regardless of whether or not the servers had in fact earned minimum wage in tips.

34.

Defendant falsified its records of its employees' earned tips so that Defendant's records indicated that its employees earned minimum wage when, in fact, those employees earned less than minimum wage.

35.

There are other current and former employees of Defendant who are similarly situated to Plaintiff in that they currently have or previously had the same job title that Plaintiff had (server) during the same time period when Plaintiff worked for Defendant.

36.

There are other current and former employees of Defendant who are similarly situated to Plaintiff in that they worked as servers during the same time period and at the same location where Plaintiff worked.

37.

There are other current and former employees of Defendant who are similarly situated to Plaintiff in that they have not been paid minimum wage as required by the Fair Labor Standards Act.

38.

Defendant's failure to pay overtime compensation to Plaintiff was willful and a reckless disregard for federal law, namely, the FLSA.

39.

Defendant's failure to pay minimum wage to the servers in its employ was willful and a reckless violation of the FLSA.

40.

It would serve the interests of judicial economy to adjudicate the claims of Plaintiff's similarly situated former co-workers in one collective action.

41.

Common issues of law and fact predominate over the individual claims of Plaintiff's similarly situated co-workers in that all of these claims are based on the same pattern of wrongful conduct by Defendant, and will be based on the same evidence.

## COUNT THREE: RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

42.

On at least three (3) occasions, Plaintiff complained to her supervisors that she was not being paid minimum wage, $7.25 per hour, in violation of the minimum wage provision of the FLSA.

43.

After Plaintiff complained to her supervisors that she was not being paid minimum wage, her supervisors reduced her hours of work.

44.

Defendants reduced Plaintiff's hours of work in retaliation for protected activity, specifically, in retaliation for complaining about not being paid minimum wage.

WHEREFORE, Plaintiff prays as follows:

45.

That she be awarded all compensation to which she is entitled, which shall be shown at trial;

46.

That she be awarded all wages to which she is entitled in order that she is compensated in accordance with the minimum wage requirements of applicable laws;

47.

That she be awarded liquidated damages in an amount equal to the amount of compensation owed to her by Defendants;

## PRAYER FOR RELIEF FOR FORMER AND CURRENT EMPLOYEES OF DEFENDANT WHO ARE SIMILARLY SITUATED TO PLAINTIFF

48.

That the employees similarly situated to Plaintiff be awarded all compensation owed to them;

49.

That the employees similarly situated to Plaintiff be awarded liquidated damages in an amount equal to the amount of compensation owed to them;

50.

That Defendants immediately cease the practice of failing to pay employees minimum wage in violation of the requirements of the FLSA;

51.

That Defendants immediately cease its practice of preparing documents which indicate that its employees have earned minimum wage when, in fact, they have earned less than minimum wage;

52.

That Defendants immediately undertake to pay all of its current and former employees the wages that it owes to them so that they have received minimum wage for all of the hours that they worked for Defendants, along with pre-judgment interest and all other damages allowed under applicable law;

53.

That Defendants immediately undertake efforts to pay all its current and former employees all of the compensation due to those employees, along with pre-judgment interest and all other damages allowed under applicable law;

54.

That Defendants be required to pay all of Plaintiff's attorney's fees and other costs of this action;

55.

That Defendants be required to pay attorney's fees and other costs incurred by Plaintiff's similarly situated co-workers in connection with this action;

## PLAINTIFF'S PRAYER FOR RELIEF UNDER COUNT THREE: RETALIATION AGAINST PLAINTIFF IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

56.

That Plaintiff awarded all damages she is entitled to under the FLSA because of Defendants' retaliation against her;

57.

That Plaintiff be awarded all damages allowable under the FLSA for her claims;

58.

That Plaintiff be awarded a reasonable attorney's fee and the costs of this action;

59.

That Plaintiff be awarded pre-judgment interest; and

60.

That she be awarded such other and further relief that the Court deems necessary and proper in this action.

Respectfully submitted, this 18th day of March, 2014.

/s/ Rita C. Spalding
Rita C. Spalding
Georgia Bar No. 108640
ATTORNEY FOR PLAINTIFF

1522 Richmond Street
Brunswick, GA 31520
(912) 261-8686
(912) 261-8689 *Facsimile*
rspaldinglaw@bellsouth.net

STATE OF GEORGIA

UNITED STATES DISTRICT COURT

## VERIFICATION

PERSONALLY appeared before the undersigned attesting official duly authorized to administer oaths, **BERNARDA ANDERSON**, sworn deposes and states on oath that the facts contained in the foregoing *Complaint* are true and correct to the best of her knowledge, information and belief.

This 10th day of March, 2014.

_____
BERNARDA ANDERSON, Plaintiff

Sworn to and subscribed before me
this 10th day of March, 2014.

_____
Notary Public
State of Georgia
County of Glynn

My commission expires: 07-11-2015

(SEAL)