## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement (the "**Agreement**") is entered into by and between the parties identified in Section 1 below.

**1.     Parties**

The Parties to and beneficiaries of this Agreement (each a "**Party**" and collectively, the "**Parties**") are:

(a)     BERNARDA ANDERSON (hereinafter the "**Plaintiff**"); and

(b)     CILANTRO'S GRILL & CANTINA, INC., ABSOLOM GOMEZ, ENRIQUE SOTELO, FELIPE SALAZAR, OWNERS AND OPERATORS OF CILANTROS GRILL & CANTINA, INC. (collectively, the "**Defendants**").

**2.     Recitals**

(a)     WHEREAS, the Plaintiff filed a federal lawsuit against Defendants in United States District Court for the Southern District of Georgia, Brunswick Division, Civil Action No. 2:14-CV-00038, as amended (hereinafter the "**Lawsuit**");

(b)     WHEREAS, the Plaintiff claims that Defendants violated the exercise of her rights under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("**FLSA**");

(c)     WHEREAS, the Plaintiff makes other various claims that Defendants harmed the Plaintiff;

(d)     WHEREAS, the Defendants deny any wrongdoing and deny liability for the claims made in the Lawsuit;

(e)     WHEREAS, the Parties desire to avoid the uncertainty and expense of further litigation and to resolve the Plaintiff's claims amicably.

(f)     NOW, THEREFORE, in consideration of the recitals, promises, and general covenants contained herein, the Parties agree as follows:

**3.     Effective Date of this Agreement**

To assent to the terms and conditions of this Agreement, the Plaintiff must sign and date this Agreement, and immediately transmit a copy electronically to Defendants' counsel, Charles A. Dorminy, at CDorminy@hallboothsmith.com (the "**Executed Agreement**"). This Agreement shall become effective following the date on which Defendants' counsel receives the Executed Agreement (the "**Effective Date**").

4. **Scope of Settlement**

    (a)     This Agreement is intended to and does release and settle any and all claims alleged by the Plaintiff against Defendants and contemplated in the Lawsuit, or which could have been made in the Lawsuit, and all claims arising from the employment of the Plaintiff by the Defendants.

    (b)     In addition, the Plaintiff, for herself and for each of her heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges all Defendants—including each Defendants' past, present, and future officials, parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers, assigns, officers, directors, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by any Defendants, divisions, units, branches, and any other persons or entities acting on their behalf—from any and all claims, liabilities, causes of action, demands to any rights, damages, costs, attorneys' fees, expenses, and compensation, known or unknown, vested or contingent, suspected or unsuspected, asserted or unasserted, that the Plaintiff may now have, or have ever had, relating directly or indirectly to the allegations in the Lawsuit, including but not limited to: those arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.; the Constitution of the United States of America and its amendments; and any and all state or local statutes, ordinances, or regulations of any kind, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, retaliation, failure to rehire, or any other claim.

    (c)     This Agreement shall not apply to rights or claims that may arise after the Effective Date; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that—by express and unequivocal terms of law—may not under any circumstances be waived, released, or extinguished.

    (d)     Nothing in this Agreement shall be construed as to prohibit the Plaintiff from initiating or participating in any investigation or proceeding conducted by the Equal Employment Opportunity Commission ("**EEOC**") or any other federal, state, or local agency. Notwithstanding the foregoing, the Plaintiff agrees not to accept any monetary damages of any kind in any charge, complaint, or lawsuit filed by the Plaintiff or by anyone else on the Plaintiff's behalf related to claims released herein.

5. **No Admission of Liability**

    Neither this Agreement nor any consideration given hereunder constitutes an admission. Nor is it to be construed as an admission of any right, entitlement, or fault or liability of any kind on the part of any Party. The Parties understand and agree that each of the Defendants deny any and all fault or liability of any type and deny any wrongful conduct with regard to the Plaintiff.

6. **Payment and Compensation to the Plaintiff**

    For and in consideration of the promises, recitals, releases, waivers, terms, and conditions set forth in this Agreement, Defendants hereby agree to pay the Plaintiff and her attorneys

payments and attorneys' fees in the total amount of Thirteen Thousand Five Hundred Dollars ($13,500.00), releasing Defendants of any and all claims contemplated in Section 4 of this Agreement.

The Plaintiff's right to payment under this Section of this Agreement is contingent on the Plaintiff filing a "Stipulation of Dismissal" with the Court no later than seven (7) calendar days following the Effective Date.

7.  **Costs, Expenses, and Attorneys' Fees**

Except as provided in Section 6 of this Agreement, the Parties unconditionally and reciprocally release and agree to hold each other harmless from any claims for attorneys' fees, costs, or expenses in any form incurred by the Parties.

8.  **No Liens**

The Plaintiff warrants that there are no liens or other encumbrances on the settlement proceeds, including but not limited to any liens involving attorneys' fees, except that a portion is being paid as attorneys' fees as noted in Section 6 above. The Plaintiff further agrees that she is solely and entirely responsible for the payment of any and all federal, state, or local taxes or assessments due upon any and all sums paid in connection with this Agreement.

9.  **Warranties**

(a)   The Plaintiff warrants and represents that she is fully informed and has full knowledge of the terms, conditions, and effects of this Agreement.

(b)   The Parties warrant and represent, each to the other, that they have either personally or through their attorneys, investigated facts surrounding this Agreement, that they are fully satisfied with the terms and effects of this Agreement, and that they are legally competent to execute this Agreement.

(c)   The undersigned attorneys further warrant that they are legally competent to execute this Agreement. The undersigned attorneys further warrant and represent that they have personally explained the terms and effects of this Agreement to their respective client(s) and that their respective client(s) fully understand and are satisfied with the terms and effects of this Agreement.

(d)   The Parties warrant and represent, each to the other, that no promise or inducement has been offered or made except as herein set forth, and that this Agreement is executed without reliance upon any other statement or representation in connection with this Agreement.

10.  **Miscellaneous**

(a)  <u>Severability</u>.  Other than Section 6 of this Agreement, if any provision or term of this Agreement should be declared invalid or unenforceable, such declaration will not affect the validity or enforceability of the remaining terms and conditions hereof.

(b)  <u>Sole and Entire Agreement</u>.  The terms of this Agreement, in its entirety, constitute the complete understanding and agreement of the Parties with respect to all matters within the scope of this settlement and Agreement, and no other promise or agreement will be binding unless herein outlined in writing.

(c)  <u>Amendment, Modification, and Rescission of Agreement</u>.  This Agreement may not be amended, modified, superseded, canceled, or terminated, and its terms and conditions may not be waived, except by a written instrument executed by the Parties. No waiver by any Party of any condition or of the breach of any term, covenant, representation, or warranty contained in this Agreement, in any one or more instances, will be deemed a further or continuing waiver of any such condition or breach in other instances, or as a waiver of any other condition or of any breach of any other terms, covenants, representations, or warranties contained in this Agreement.

(d)  <u>Legally Binding Agreement</u>. The rights and obligations of the Parties under this Agreement will inure to the benefit of and shall be binding upon their successors, assigns, employees, employees, agents, and/or legal representatives.

(e)  <u>Governing Law and Interpretation</u>.  The Parties agree that the law of the State of Georgia shall govern disputes concerning any aspect of this Agreement.

**THE PLAINTIFF IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.**

AGREED TO BY BERNARDA ANDERSON:

_____     10-15-14
                                           Date

ATTORNEY FOR THE PLAINTIFF:

**Rita Spalding**
_____     10-15-14
                                           Date

(SIGNATURES CONTINUED ON NEXT PAGE)

AGREED TO BY DEFENDANT:

**Absolom Gomez**

_____   Date 11/4/14

AGREED TO BY DEFENDANT:

**Enrique Sotelo**

_____   Date 11/04/14

AGREED TO BY DEFENDANT:

**Felipe Salazar**

_____   Date 11/4/14

ATTORNEY FOR DEFENDANTS:

**Charles A. Dorminy**

_____   Date 11/17/14