IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| BERNARDA ANDERSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 214-038 |
| | * | |
| CILANTRO'S GRILL & | * | |
| CANTINA, INC., ABSOLOM GOMEZ, | * | |
| ENRIQUE SOTELO, AND FELIPE | * | |
| SALAZAR, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Before the Court is the parties' motion for the Court to approve settlement agreement and stipulation of dismissal with prejudice. (Doc. no. 12.) For the reasons stated herein, the motion is **GRANTED**.

I. BACKGROUND

From April 5, 2011, to January 8, 2013, Plaintiff worked as a server at Defendant Cilantro's Grill & Cantina, Inc. ("restaurant") in Brunswick, Georgia. (Compl. ¶¶ 1-2.) Defendants Absolom Gomez, Enrique Sotelo and Felipe Salazar are owners and operators of the restaurant. (Ans. ¶ 3; Compl. ¶ 3.) Plaintiff began working at a pay rate of $2.13 per hour plus tips. (Compl. ¶ 16.) Per restaurant policy, servers were required to share their tips with other restaurant employees.

(Compl. ¶ 26; Ans. 26.)

On March 18, 2014, Plaintiff filed a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., ("F.L.S.A."), for the recovery of unpaid minimum wage, unpaid overtime and liquidated damages. Count One of her complaint alleges that Defendants' tip share practices resulted in Plaintiff receiving less than minimum wage in violation of F.L.S.A. and that Defendants falsified tax forms and records to conceal their misconduct. (Id. ¶¶ 23-29.) Count Two sets forth the same allegations with regard to similarly situated current and former employees. (Id. ¶¶ 33-39.) Plaintiff alleges in Count Three that Defendants reduced Plaintiff's hours after she complained to them about being paid less than minimum wage and that such conduct was retaliation as prohibited by F.L.S.A. (Id. ¶ 42-47.) Plaintiff does not quantify her damages.

On November 4, 2014, all parties reached a full and final resolution of the dispute, wherein Defendants agree to pay Plaintiff and her attorney $13,500.00 and Plaintiff agrees to release Defendants of all claims and file a stipulation of dismissal. (Doc. no. 12-1.) The parties do not explain in the Agreement how the settlement amount of $13,500.00 was reached. On January 6, 2015, the parties submitted the Agreement to the Court for scrutiny and approval and ask that the Court dismiss Plaintiff's claims with prejudice. (Doc. no. 12.)

2

## II. DISCUSSION

There are only two ways in which back wage claims arising under F.L.S.A. can be settled or compromised by employees. Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013)(citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982)). The first is under the supervision of the Secretary of Labor. Id.; 29 U.S.C. § 216(c). The second means of compromise is provided in the context of suits brought directly by employees against their employer to recover back wages for F.L.S.A. violations. Nall, 723 F.3d at 1306; 29 U.S.C. § 216(b). In those lawsuits, the parties may present to the district court a proposed settlement and the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. Nall, 723 F.3d at 1306. In determining whether the settlement is a fair and reasonable resolution, courts keep in mind the strong presumption in favor of finding a settlement fair. Dail v. George A. Arab, Inc., 391 F. Supp.2d 1142, 1146 (M.D. Fla. 2005).

The instant case falls under the latter of those two settlement methods where an employee brings an action against an employer under 29 U.S.C. § 216(b). In determining the fairness of settlements under § 216(b), courts recognize that the most cause for concern exists when the plaintiff employee

3

is still working for the defendant employer. Id. at 1307 ("An employee is subject to the supervision and personnel decisions of his employer and the possibility of retaliation may pervade the negotiations."). Here, Plaintiff's employment was terminated on January 8, 2013, and the parties reached a settlement agreement on November 4, 2014. Plaintiff, represented by experienced counsel, was therefore not subject to her former employer's supervision or personnel decisions when she signed the Agreement. This is a strong indicator that the Agreement is fair and the Court finds no other facts in the record that would overcome the presumption of fairness (e.g., evidence of fraud, the presence of a confidentiality clause). See Parker v. Encore Rehab., Inc., 2012 WL 6680311, *4 (S.D. Ala. Dec. 21, 2012)(denying joint motion to approve F.L.S.A. settlement agreement containing a confidentiality clause noting that such terms are evidence of side deals and are disfavored in F.L.S.A. settlement agreements); see also Dees v. Hydradry, Inc., 706 F. Supp.2d 1227, 1241 (M.D. Fla. 2010)(factors for evaluating fairness of F.L.S.A. settlements include existence of fraud or collusion behind settlement). The Court therefore concludes that the Agreement is fair.

### III. CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that the parties' motion to approve settlement agreement and

4

stipulation of dismissal with prejudice (doc. no. 12) is hereby **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. The Clerk is directed to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

 **ORDER ENTERED** at Augusta, Georgia, this 29th day of January, 2015.

             _____
             Honorable J. Randal Hall
             United States District Judge
             Southern District of Georgia